IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00528-BNB

CHAVEZ E. FISHER,

    Plaintiff,

v.

FORT COLLINS HOUSING AUTHORITY - Fort Collins Maintenance Department, City of Fort Collins,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Chavez E. Fisher, filed *pro se* a Title VII Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On March 2, 2012, the Court ordered Mr. Fisher within thirty days to cure deficiencies in the complaint, specifically noting that he had failed to assert any claims or make a request for relief. On March 2, 8, and 15, 2012, Mr. Fisher filed three letters with the Court.

    In the middle of the letter he submitted on March 8, 2012 (ECF No. 6), Mr. Fisher used pages from the Title VII Complaint form to assert claims against the Fort Collins Housing Authority that are not applicable to a Title VII action, and instead appear applicable to a lawsuit pursuant to the Fair Housing Act, 42 U.S.C. § 3501, *et seq.* On March 20, 2012, he submitted photographs and a document alleging that Defendant had discriminated against him on the basis of race and disability.

    The Court must construe Mr. Fisher's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Fisher will be ordered to file a complete amended complaint on the proper, Court-approved form if he wishes to pursue his claims in this action.

Mr. Chavez's filings do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Fisher has failed to file a complete amended complaint on the Court-approved complaint form that clarifies the statutory authority for his claims and provides a short and plain statement of his claims showing that he is entitled to relief.  The Court

will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.  Therefore, Mr. Fisher will be ordered to file a complete amended complaint that clarifies the statutory basis for this lawsuit and the claims he is asserting in this Court.  In order to state a claim in federal court, Mr. Fisher "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

     Accordingly, it is

     ORDERED that Plaintiff, Chavez E. Fisher, file, **within thirty (30) days from the date of this order**, a complete amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

     FURTHER ORDERED that Mr. Fisher shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the complete form in submitting the amended complaint  It is

     FURTHER ORDERED that, if Mr. Chavez fails to file an amended complaint as directed, the Title VII complaint and the action will be dismissed without further notice.

DATED April 12, 2012, at Denver, Colorado.

                                     BY THE COURT:

                                     s/ Boyd N. Boland
                                     United States Magistrate Judge